# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BERNARD BEYER,

        Plaintiff,

    v.                                Case No. 10-C-1066

VILLAGE OF ASHWAUBENON, et al.,

        Defendants.

---

## ORDER

---

       Plaintiff Bernard Beyer, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging civil rights violations arising out of the loss of his car. Beyer is currently serving a federal sentence at the Federal Medical Center in Lexington, Kentucky. In essence, Beyer claims that the defendants violated his rights by failing to maintain custody of his car following his arrest.

       Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, Beyer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Further, he was assessed an initial partial filing fee of $2.39. Upon review of the trust account statement and affidavit, I am satisfied that Beyer is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here Beyer alleges that he owned a 2004 Toyota Avalon. He was suddenly arrested in Brown County, Wisconsin in May of 2007. At the time of his arrest his car was parked in the lot of a private apartment complex where one of his friends lived. Beyer did not live at the apartment building but claims his friend, a tenant, allowed him to park his car in the lot. From jail, Beyer attempted to contact the apartment complex's owner to request permission to leave his car parked where it was. (Complaint ¶ 29.) His attempts were unsuccessful, however. (*Id.*) The landlord submitted a "Private Parking Complaint" to the Village of Ashwaubenon on May 16, 2007. (Complaint ¶ 48; Ex. 100.) The Village ticketed the car that same day (Complaint ¶ 49) and allegedly instructed the apartment complex owner that it was his responsibility – not the Village's – to remove the abandoned car from his property. (Complaint ¶ 56.)

In late June of 2007 Beyer was still confined but learned from a friend that his car was no longer parked at the apartment complex. (Complaint ¶ 31.) Beyer alleges that the landlord or the towing company eventually removed his parked car from the lot and disposed of it without providing him notice or due process. (Complaint ¶ ¶ 42-46.) He has sued the Village of Ashwaubenon, the Attorney General of the State of Wisconsin, the owner of the apartment complex where his car was last parked, and the owner of the tow truck company that allegedly towed his car.

He alleges that these defendants conspired to deprive him of his vehicle and that the Village did not follow its own regulations or State regulations for disposal of an abandoned vehicle.

Even when viewing Beyer's allegations in a light most favorable to him, he has failed to adequately allege that the apartment complex's owner or the tow truck company's owner visited any harm upon him under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To maintain a claim under § 1983, Beyer must demonstrate that the defendants, acting under color of state law, violated his constitutional rights. *Bennett v. Roberts,* 295 F.3d 687, 699 (7th Cir.2002). Here Beyer alleges only that the Village told the owner of the apartment complex that it was not the Village's responsibility to tow the abandoned vehicle and that owner would need to have the vehicle towed at his own expense. Such an allegation is insufficient to sustain a cause of action against either the landlord or the tow truck company under § 1983. *See Wos v. Sheahan,* 57 Fed. Appx. 694 (7th Cir. 2002) (affirming district court's dismissal of complaint under 42 U.S.C. § 1983 in which plaintiff, whose car was impounded after he was arrested, alleged that sheriff, deputies, and towing company conspired with the sheriff to deprive him of his property).

Certainly, after Beyer was arrested, the police could have legally impounded his car to remove it from a public roadway. *See United States v. Duguay*, 93 F.3d 346, 353 & n. 2 (7th Cir.1996). That does not mean, however, that the Village of Ashwaubenon had an affirmative, constitutional, duty or obligation to get involved with a vehicle abandoned on private property. In fact the provision of the Ashwaubenon Village Code that Beyer cites explicitly states that the City "*may* remove or have removed any vehicle left at any place within the village which reasonably appears to be [abandoned]." Ashwaubenon Village Code, Sec. 7-371 (emphasis added). The Village Code goes on: "Such vehicles [those vehicles removed *by the village*] "shall be impounded

4

until lawfully claimed or disposed of in accordance with Wis. Stat. § 66.0139" *Id.* This section of the Village Code makes removal of the abandoned vehicle *by the village* permissive, not mandatory. The Village's own regulations make plain that Beyer was not entitled to have his vehicle towed or stored by the Village. Here Beyer has failed to allege that his car was on a public roadway and has failed to allege that the Village removed it. Because Beyer's complaint alleges that private entities – the landlord and the towing company – removed his vehicle his complaint against them must be dismissed as he has not alleged state action. Merely claiming that the Village informed the landlord that the Village was not responsible for removing or storing an abandoned vehicle parked on private property is not sufficient to convert Beyer's private cause of action against the landlord and tow truck companies into one involving state action under § 1983.

Although Beyer has alleged that he was denied a right protected by the Constitution, he does not allege the requisite personal involvement of one of the defendants he has sued: the Attorney General of the State of Wisconsin. The mere fact that a defendant is employed in a supervisory role at the institution does not suffice. The doctrine of *respondeat superior* does not apply, meaning that the supervisor will not be held accountable for the actions of those underneath him unless the supervisor's own acts are implicated. In other words, liability under § 1983 must be based on the defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Because the complaint alleges no personal involvement on the part of defendant Peggy Lautenschlager, the former Attorney General of Wisconsin, the claim against her will be dismissed.

Finally, to the extent that the complaint alleges that the Village, the towing company, and the landlord towed and impounded his car as part of a conspiracy to take his property without just

5

compensation the complaint must be dismissed because before a plaintiff may bring a Takings Clause claim under § 1983, he must exhaust his state remedies. *Daniels v. Area Plan Com'n of Allen County,* 306 F.3d 445, 453-54 (7th Cir. 2002).

Because Beyer has failed to set forth cognizable constitutional or federal claims against any of the defendants this case will be dismissed.

**THEREFORE, IT IS ORDERED** that Beyer's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Financial Office of the Federal Medical Center shall collect from the Beyer's prison trust account the $347.61 balance of the filing fee by collecting monthly payments from the Beyer's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the Beyer offers bonafide arguments supporting his appeal.

Dated this   19th   day of January, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge